IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3025 |
| | ) | |
| V. | ) | |
| | ) | |
| BRET TSCHACHER, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On May 20, 2010, Magistrate Judge Zwart entered an amended findings and recommendation suggesting that this court deny Defendant's motion to suppress physical evidence and statements obtained as a result of the stop and search of Defendant's vehicle (filing 42). Defendant has filed an objection to Judge Zwart's recommendation arguing that Judge Zwart erred in her conclusion that *Arizona v. Gant*, - - -U.S.- - - 129 S. Ct. 1710 (2009) is not retroactive as applied to the search of Defendant's vehicle and in finding that the search of Defendant's vehicle was conducted in good faith based upon well-settled case law existing at the time.[1] (Filing 47.) Because I find after careful review that Judge Zwart's recommendation is not "clearly erroneous or contrary to law", the objection will be denied. *See* 28 U.S.C. § 636(b)(1)(A).

## I. Background

Because Judge Zwart's recommendation sets forth the facts of this case in their entirety, they will not be fully repeated here. The relevant facts, as they pertain to

[1] Defendant's objection relates only to the physical evidence seized. Defendant does not object to Judge Zwart's conclusion that the statements he made at the time of his arrest are admissible.

Defendant's objection, are as follows:

On December 26, 2008, Nebraska State Trooper, Mickie Downing, Jr. ("Trooper Downing"), observed a pickup truck driven by Defendant roll through a stop sign. Trooper Downing activated his lights and initiated a traffic stop. During the stop, Trooper Downing asked Defendant for his driver's license and vehicle registration. Defendant produced the registration, but informed Trooper Downing that he did not have a valid license. Consequently, Trooper Downing asked Defendant to accompany him to the front passenger seat of the patrol car.

Once inside the patrol car, Trooper Downing asked Defendant a series of questions regarding his address and other personal information. Trooper Downing then reported Defendant's name to dispatch and discovered that Defendant's driver's license was suspended. Upon obtaining this information, Trooper Downing handcuffed Defendant and placed him in the back of the patrol car.

With Defendant's permission, Trooper Downing returned to the pickup to replace the registration. Once at the pickup, Trooper Downing searched the vehicle and discovered a handgun in a "miniature backpack" and a rifle. Trooper Downing reported the gun descriptions and serial numbers to dispatch and learned that Defendant was a convicted felon. Defendant was subsequently transported to the county jail.

## II. Analysis

Defendant argues that although the search of his vehicle occurred prior to the United States Supreme Court's ruling in *Arizona v. Gant*, - - -U.S.- - - 129 S. Ct. 1710 (2009), the *Gant* ruling is retroactive and, as such, requires suppression of the physical evidence. In *Gant*, the United States Supreme Court concluded that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is

within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id*. at 1723. As recognized by Judge Zwart, the search of Defendant's pickup likely did not comply with the *Gant* decision. Nevertheless, although the search of Defendant's vehicle may have violated the Fourth Amendment under *Gant*, this does not necessarily mean that the evidence is inadmissible in this case.

In recommending that the evidence not be suppressed, Judge Zwart relied upon the "good faith" exception to the exclusionary rule. *U.S. v. Leon*, 468 U.S. 897, 909 (1984) (holding that the Fourth Amendment exclusionary rule does not apply to evidence obtained by police who act in objectively reasonable reliance on a search warrant issued by a neutral magistrate judge). It was proper for Judge Zwart to do so. In a case factually similar to the one at hand, the undersigned recently concluded that the good faith exception to the exclusionary rule applies to pre-*Gant* searches conducted incident to arrest and in compliance with pre-*Gant* law. *See U.S. v. Gray*, No. 4:09CR3089, 2009 WL 4739740 (D. Neb. Dec. 7, 2009).

Defendant argues that the law in the Eighth Circuit was "unsettled" as to whether an officer may, as a matter of course, perform a warrantless search incident to arrest and, accordingly, the good faith exception should not apply. This argument is without merit. As I found in *Gray*, prior to the issuance of *Gant*, the Eighth Circuit clearly followed the "bright line" rule of *New York v. Belton*, 453 U.S. 454, 460 (1981) which provides that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Relying on *Belton*, the Eighth Circuit has stated:

> [I]n the case of a full custodial arrest of an "occupant" or "recent occupant" of a vehicle . . . the police officer may search the passenger compartment of the vehicle as "a contemporaneous incident" of that

arrest. Such a search . . . is "reasonable" under the Fourth Amendment.

*U.S. v. Hrasky*, 453 F.3d 1099, 1101 (8th Cir. 2006) (internal citations omitted). Defendant's argument that the law on this point was not well-established prior to the *Gant* decision is misplaced.

Accordingly,

IT IS ORDERED:

1. Defendant's objection to Magistrate Judge Zwart's amended findings and recommendation (filing 47) is denied;

2. Magistrate Judge Zwart's order of May 20, 2010 (filing 42), shall not be disturbed and is hereby sustained.

July 1, 2010.

BY THE COURT:
*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.